UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
FREEDOM STEEL, INC.,
:
: CASE NO. 1:09-CV-2750
Plaintiff,  :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 14]
SENN FREIGHT LINES, INC.,
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Freedom Steel, Inc. ("Freedom Steel") moves the Court to remand this case arising out of an interstate shipping contract. [Doc. 14.] Defendant Senn Freight Lines, Inc. ("Senn") opposes the motion. [Doc. 16.] The Plaintiff has not replied.

For the following reasons, th Court **GRANTS** the Plaintiff's motion and remands this case to the Lake County court of Common Pleas.

### I. Background

Plaintiff Freedom Steel filed a complaint in the Lake County Common Pleas Court on August 6, 2009, bringing claims for breach of contract, promissory estoppel, fraud, and unjust enrichment. [Doc. 1-2.] The Lake County Clerk of Court attempted service on the Defendant by certified mail on August 11, 2009. [*See* Docs. 14-1.] This attempt at service failed and the certified mail was returned to the sender on September 2, 2009. [*See* Docs. 14-1; 14-2.] The Plaintiff, through the

Case No. 1:09-CV-2750
Gwin, J.

Lake County Clerk of Courts, then attempted regular mail service to Defendant Senn on October 13, 2009. On November 25, 2009, the Defendant filed its notice of removal to this Court. [Doc. 1.]

The Plaintiff now moves to remand the case to the Lake County Court of Common Pleas, claiming that the Defendant failed to timely remove the case to federal court. [Doc. 14.] The Plaintiff argues that it properly served Senn with the Summons and Complaint by regular mail, and that the Defendant therefore filed the notice of removal more than thirty days after it received service. The Defendant argues that the Plaintiff never properly served it with a copy of the Complaint, and thus its notice of removal was timely as the thirty day period never began to run. [Doc. 16.]

## II. Legal Standard

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant who wishes to remove an action from state to federal court must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for which such action or proceeding is based. . . ." 28 U.S.C. §1446(b).

The Supreme Court has interpreted Section 1446(b) to require formal service of process upon the defendant before the thirty day period begins to run. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Pursuant to *Murphy Brothers*, state law governing formal service of process thus determines the time period for seeking removal. *Hardy v. Square D Co.*, 199 F. Supp. 2d 676, 680 n.6 (N.D. Ohio 2002); *see also* 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Joan E. Steinman, *Federal Practice and Procedure* §3731, at 502 (4th ed. 2009).

-2-

Case No. 1:09-CV-2750
Gwin, J.

"Removal jurisdiction is a creature of legislative grant." *Med. Coll. of Wisconsin Faculty Physicians and Surgeons v. Pitsch*, 776 F. Supp. 437, 438 (E.D. Wisc. 1991). Therefore, a defendant must strictly comply with provisions of the federal removal statute, including the time limitations of 28 U.S.C. § 1446(b). *Id.*; *see also Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 976 (S.D. Ohio 2003); *Mitchell v. Kentucky-American Water Co.*, 178 F.R.D. 140, 142 (E.D. Ky. 1997); 14C Wright, Miller, Cooper, & Steinman, *supra*, §3731, at 572.

If a party improperly removes a case to federal court pursuant to 28 U.S.C. §1441, the court must remand the case back to the state court from which it had been removed. 28 U.S.C. §1447(c). Remand may be initiated *sua sponte* or upon motion of a party. *See City of Cookeville v. Upper Cumberland Elec. Mbrshp. Corp.*, 484 F.3d 380, 388 n.4 (6th Cir. 2007); *Johnston v. Panther II Transp.*, 2007 WL 2625262, at *1 (N.D. Ohio 2007). A party moving to remand on the basis of any defect other than subject matter jurisdiction must make such a motion within thirty days of the filing of the notice of removal. 28. U.S.C. § 1447(c).

Removal jurisdiction raises significant federalism concerns. *See Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1 (1983). Federal courts therefore must strictly construe removal jurisdiction. *Shamrock Oil & Gas Corp v. Sheets,* 313 U.S. 100 (1941); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). The removing party bears the burden of showing that removal was proper. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); 14C Wright, Miller, Cooper, & Steinman, *supra*, § 3739, at 836-37.

### III. Analysis

The Plaintiff argues that the Defendant improperly removed this action because it filed the

-3-

Case No. 1:09-CV-2750
Gwin, J.

notice of removal more than 30 days after it received, "through service or otherwise, . . . a copy of the initial pleading setting forth the claim for which such action or proceeding is based." 28 U.S.C. § 1446(b). The Defendant argues that the Plaintiff never properly served it with the Complaint and Summons, that therefore the thirty day period never began to run, and that its notice of removal was thus timely.

In evaluating whether the Plaintiff ever properly served the Defendant, the Court must look to Ohio law. Ohio Rule of Civil Procedure 4.3(B)(1) provides that a plaintiff may properly serve an out-of-state defendant by certified or express mail. Plaintiff Freedom Steel attempted service by certified mail on August 11, 2009. The certified mail was returned to sender as undeliverable on September 2, 2009. The Plaintiff then attempted service by regular mail on October 13, 2009. Apparently, the Defendant received the regular mail service. The Plaintiff argues that the Defendant was therefore properly served under Ohio Civ. R. 4.6(D).

Rule 4.6(D) provides that when certified mail is returned with an endorsement showing that the envelope was unclaimed, service may be properly completed by ordinary mail. Ohio Civ. R. 4.6(D). The Plaintiff points to the United States Postal Service Track and Confirm results, which indicate that the attempted mailing was "UNCLAIMED" on August 28, 2009. *See* Doc. 14-2. The Plaintiff claims, therefore, that the Defendant was properly served by regular mail.

The Defendant argues that it was never properly served because the Plaintiff failed to comply with Ohio Rule of Civil Procedure 4.3(B)(1) and because Rule 4.6(D) is not applicable. The Defendant argues that the certified mail was not "unclaimed," pointing to two documents that indicate that the letter was "Not Deliverable as Addressed." *See* Doc. 16-1 at 1, 3. The Defendant claims that the Plaintiff therefore could not avail itself of the procedure provided in Rule 4.6(D), and

-4-

Case No. 1:09-CV-2750
Gwin, J.

instead had to follow the procedure outlined in Rule 4.3(B)(1), which provides that when an envelope is returned with an endorsement showing failure of delivery, "service is complete when the attorney or serving party . . . files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served." Ohio Civ. R. 4.3(B)(1). Because the Plaintiff never filed such an affidavit, the Defendant claims that it was never properly served, and that the thirty day removal period never began to run.

The Defendant further relies on *In re Tompkins*, 875 N.E.2d 582 (Ohio 2007), arguing that the case supports the proposition that the endorsement "Not Deliverable as Addressed" should be distinguished from "Unclaimed" for the purposes of Rule 4.6(D). However, the case does not support the Defendant's position. In *Tompkins*, the Montgomery County Children Services Board attempted to service on a party by certified mail. 875 N.E.2d at 583. When the certified mail was returned marked "Attempted Not Known," the Board did not attempt service by ordinary mail, but proceeded to service by publication. The Ohio Supreme Court concluded that publication was sufficient, saying:

> When a postal return reads "Attempted Not Known," no purpose would be served by a follow-up ordinary mail letter to the same address. [In contrast, t]he "Unclaimed" designation implies that the person may in fact reside or receive mail at the designated address but for whatever reason has chosen not to sign for the certified mail. In that situation, a follow-up communication by ordinary mail is reasonably calculated to provide the interested party with notice and an opportunity to heard. Such a communication, not returned, bears a strong inference that the intended recipient received the letter. This is not so, however, with ordinary mail following the return of a certified letter with the endorsement "Attempted Not Known." The inference then is that the intended recipient does not reside or receive mail at the designated address and is not known to the residents there. A follow up letter in these circumstances would not permit a similar inference of receipt.

*Id.* at 586-87. In the present case, the Defendant apparently actually received the complaint via ordinary mail sent to the same address to which the certified mail was sent. *See* Doc. 14-1. One

-5-

Case No. 1:09-CV-2750
Gwin, J.

could infer, therefore, that the Defendant actually resides at that address "but for whatever reason [chose] not to sign for the certified mail," causing it to be "unclaimed."

Moreover, in this case, the certified letter was not returned "Attempted Not Known," but "Not Deliverable as Addressed." According to the U.S. Postal Service document upon which the Defendant relies, "Not Deliverable as Addressed" actually seems to be a broad category that encompasses the more specific terms "Attempted–Not Known" and "Unclaimed." *See* "USPS Endorsements for Mail Undeliverable as Addressed," Doc. 16-2 (listing several different endorsements that seemingly fall under the title "Undeliverable as Addressed"). *See also* "Notice of Failure of Service Issued by Certified Mail," Doc. 16-1 at 1 (indicating "NOT DELIVERABLE AS ADDRESSED-SEE ENCLOSED," and neither "Unclaimed" nor "Attempted not known"). Moreover, the actual certified mail envelope is marked "UNC," *see* Doc. 16-1 at 3, which seems to be an abbreviation for "unclaimed." Finally, as noted above, the track and confirm results for the certified mail indicated that it was "UNCLAIMED." *See* Doc. 14-2. The Court therefore concludes that the certified mail was "unclaimed" for the purposes of Ohio Rule of Civil Procedure 4.6(D).

Rule 4.6(D) applies when certified mail service is returned unclaimed, regardless of whether the plaintiff is attempting to serve an in-state or out-of-state defendant. *Ferrie v. Ferrie*, 440 N.E.2d 1229, 1231-1232; *see also* Staff Note to Ohio Civ. R. 4.6(D)("When the serving attorney or party receives notice of the failure to claim certified mail from the clerk, he evaluates the situation and chooses his course. All appropriate methods of original service and the unclaimed certified mail procedure of Rule 4.6(D) are available."). The Plaintiff therefore properly served the Defendant via ordinary mail pursuant to Ohio Civ. R. 4.6(D).

The Court must next determine whether the Defendant timely filed its notice of removal. In

-6-

Case No. 1:09-CV-2750
Gwin, J.

*Murphy Brothers*, the Supreme Court made clear that the removal time period would not begin until the defendant was both formally served and in actual receipt of the complaint. 526 U.S. at 1320-30; *see also* 28 U.S.C. 1446(b)("The notice of removal of a civil action or proceeding shall be filed within thirty days after the *receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based")(emphasis added). Accordingly, the removal time period in this case runs from the date on which the Defendant actually received the complaint and summons via regular mail.[1]

It is unclear from the evidence before the Court when this actually occurred. However, in order for the Defendant's notice to be timely, Senn must have received the Complaint by mail service no earlier than October 26, 2009, thirty days before Senn filed its notice of removal on November 25, 2009. As the Plaintiff argues, it is unreasonable to assume that mail service would not be received until more than 12 days after the Clerk of Courts mailed it on October 13, 2009. Moreover, the Defendant does not argue or present any evidence that it received the Summons and Complaint after October 25, 2009.

The removing party bears the burden of showing that the requirements of removal have been

---

[1] The Court notes that some courts in the Northern District of Ohio have considered whether Ohio Rule of Civil Procedure 5, which provides that "Service by mail is complete upon mailing," is applicable to calculating the time period for removal. Ohio Civ. R. 5. *See Hardy v. Square D Co.*, 199 F. Supp. 2d 676, 680 (2002). Some courts have also considered applying Federal Rule of Civil Procedure 6(d), which provides that three days are added to the period in which a responding party must act when service of process is made by mail. Fed. R. Civ. P. 6(d). *See Hardy*, 199 F. Supp. 2d at 681. *See also*, *Knight v. J.I.T. Packaging, Inc.*, 2008 WL 4981081, at *2-3 (N.D. Ohio Nov. 24, 2008). Ordinarily, courts will only apply these two rules together to avoid the problem of "double accounting." *See Hardy*, 199 F. Supp. 2d at 682. The Court notes that applying these rules would result in the same outcome in this case, i.e., that the Defendant filed its notice of removal outside of the thirty day period.

However, the Court ultimately believes that, pursuant to *Murphy Brothers* and the language of 18 U.S.C. § 1446(b), it is inappropriate to apply either Ohio Civ. R. 5 or Fed. R. Civ. P. 6(d) in calculating the removal period, because such a period does not begin to run until the defendant is in actual receipt of the complaint via mail service. *See Mitchell v. Kentucky-American Water Co.*, 178 F.R.D. 140, 142 (E.D. Ky. 1997)("The removal statute calls for the time to run following the **receipt** of service by the defendant. The Court finds it illogical to apply Fed. R. Civ. P. 6(d) allowing for a three-day grace period to accommodate "mail time", to the removal statute which states that the time-clock does not start ticking until after "mail time" has run, i.e., after the defendant receives service.")(emphasis in original).

-7-

Case No. 1:09-CV-2750
Gwin, J.

satisfied.  As the Defendant has failed to meet this burden, the Court cannot conclude that the Defendant timely filed its notice of removal.  Accordingly, the Court **GRANTS** the Plaintiff's motion to remand.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiff's motion and remands this case to the Lake County Court of Common Pleas.

IT IS SO ORDERED.


Dated: January 26, 2010                    s/        *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE